## CIRCUIT COURT OF SMYTH COUNTY

Earl B. Lowe

v.

Virginia Supplemental
Retirement System

July 26, 1988

Case No. (Law) 1693

By JUDGE CHARLES H. SMITH, JR.

This matter is before the court upon petition for judicial review of a decision rendered by the Virginia Supplemental Retirement System on May 20, 1987, denying disability retirement benefits to Mr. Lowe. The jurisdiction of the court is based upon § 9-6.14:17 of the Code. The court has reviewed the pleadings, exhibits, memoranda of counsel, and authorities cited therein and considered same along with the arguments of counsel presented on June 7, 1988. In consideration of all of which the court finds as follows.

The facts apparently are not in dispute. The claimant, who had been an employee of Southwestern State Hospital for some fourteen years, was apparently injured there on January 6, 1984, while lifting a patient in the course of his employment as a psychiatric aid. The claimant went to the doctor the next day and was prescribed rest, relaxation, analgesics, and heat. He was told to stay off work for a couple of days. The initial diagnosis was a lumbarsacral strain. Although the claimant has been exhaustively examined and treated over the ensuing years since the accident, including hospitalizations and even exploratory

surgery, this initial diagnosis has not been significantly changed by the treating physicians.

The claimant contends that the injury rendered him totally disabled to work, and he filed an application for disability benefits in July of 1986. Southwestern State Hospital is a member of the Virginia Supplemental Retirement System. The claimant has followed the prescribed administrative procedure and has been denied benefits first on his application, then by the hearing examiner, and finally by the Board of the Supplemental Retirement System.

Section 51-111.56 of the Code provides that a member may receive retirement benefits due to disability prior to his normal retirement date provided:

> (i) Such member is, and has been continuously since such effective date if prior to filing of such notification, mentally or physically incapacitated for the further performance of duty,
>
> (ii) Such capacity is likely to be permanent, and
>
> (iii) Such member should be retired.

Since there was no question about the claimant's years of creditable service nor the fact that he did suffer an injury, the question at all levels thus far has been whether he had a permanent mental or physical incapacity.

The standard of review for the court in such cases is set out in § 9-6.14:17 of the Code. That section provides in part as follows:

> The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court. Such issues of law include . . . (4) the substantiality of the evidential support for findings of fact . . . . When the decision on review is so to be made on such agency record, the duty of the court with respect to issues of fact is limited to ascertaining whether there was substantial evidence in the agency record

upon which the agency as the trier of facts could reasonably find them to be as it did . . . . Whether such fact issues are reviewed on the agency record or one made in the review action, the court shall take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purpose of the basic law under which the agency has acted.

As indicated by this statute, and as correctly pointed out by counsel for the respondent in his memorandum, the proceeding in this court is not *de novo*. The agency, not the court, is the fact-finder in these cases. The court's role is only to review the facts of the case as determined by the agency in order to determine as a matter of law whether there is substantial evidence to support the agency decision.

The substantial evidence standard, adopted by the General Assembly, is designed to give stability and finality to the fact-findings of an administrative agency. The phrase "substantial evidence" refers to "such relevant evidence as a reasonable mind *might* accept as adequate to support a conclusion." Under the standard, applicable here, the court may reject the agency's findings of fact only, if considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion. (*See Virginia Real Estate Commission v. Bias*, 226 Va. 264, 269 (1983); *Kenley v. Waterway Estates*, 3 Va. App. 50, 56 (1986).)

The burden is upon the party complaining of an agency action to demonstrate an error of law subject to review. In addition, the court must review the facts in the light most favorable to sustaining the agency action taking into account the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted. *See Roanoke Memorial Hospitals v. Kenley*, 3 Va. App. 599 (1987); *Virginia A.B.C. Commission v.*

*York Street Inn, Inc.,* 220 Va. 310 (1979); and § 9-6.14:17 of the Code.

The court, having applied these principles to the facts as determined by the agency, is of the firm opinion that there was substantial evidence in the agency record to support the findings of the agency and its denial of disability retirement benefits to the claimant. I would, therefore, affirm the agency decision.

Incidentally, I am of the further opinion that the court is without jurisdiction to order a remand of this matter to the agency.